```
UNITED STATES DISTRICT COURT                                                C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                                            :
ELIJAH MUHAMMAD,                                            :
                                                            :
                            Plaintiff,                      :
                                                            :    **MEMORANDUM**
              - against -                                   :    **DECISION AND ORDER**
                                                            :
SAM SCHWARTZ PEDESTRIAN TRAFFIC                             :    19-cv-328 (BMC) (LB)
MANAGEMENT (PTM) SERVICES, INC.,                            :
CARL VITALE, Director, STEVE                                :
McLAUGHLIN, Assistant Director, MTA OF                      :
NEW YORK, and NYPD HEADQUARTERS,                            :
                                                            :
                            Defendants.                     :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

Plaintiff *pro se* brought this employment discrimination action. His motion to proceed *in forma pauperis* is granted. For the reasons stated below, his complaint is dismissed, and plaintiff is granted leave to file an amended complaint within twenty days after the entry of this order.

## BACKGROUND

The following allegations are taken from the complaint. Plaintiff's claims arise from his employment at defendant Sam Schwartz Pedestrian Traffic Management Services, Inc. ("Sam Schwartz"). After plaintiff called out of work because he was sick, defendant Steve McLaughlin removed plaintiff from his job assignment for arriving late and leaving early. Plaintiff claims that he was relieved early those days and emailed defendants McLaughlin and Carl Vitale, among others, to complain about losing his assignment. Plaintiff was subsequently not assigned to any jobs for two weeks.

A month after plaintiff sent the email, McLaughlin reduced plaintiff's hours, assigned him weekend work, and did not assign plaintiff jobs that plaintiff requested. After McLaughlin

ignored plaintiff's request to take a day off from work, plaintiff sent a text message to McLaughlin accusing him of discriminating (as compared to who, we're not told) against plaintiff. Defendant Carl Vitale then set up a conference call with human resources personnel regarding plaintiff's accusation of unspecified discrimination but plaintiff does not indicate what happened during or as a result of the call.

Three months after the call, plaintiff received a letter indicating that he was removed from a job site at the request of a representative of defendant MTA of New York, a client of Sam Schwartz, because plaintiff talked to NYPD officers while working. After receiving this letter, plaintiff claims he requested to return to other job sites.

A month later, plaintiff called out sick and requested to use one of his sick days. The next day, he received an email indicating that he was terminated from Sam Schwartz for showing up late to work multiple times. The New Jersey Department of Labor found that plaintiff was eligible for unemployment benefits, and the Equal Employment Opportunity Commission provided him with a right to sue letter.

Plaintiff claims that he was the subject of discriminatory conduct – specifically, retaliation and termination[1] – on the basis of race, color, gender/sex, and age. He states that he was born in 1956 but does not identify his race or color. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 (the "ADEA"), and Article 15 of the Executive Law of the State of New York (the "NYSHRL") against Sam Schwartz, McLaughlin, Vitale, the MTA of New York, and NYPD Headquarters.

---

[1] The complaint also indicates that plaintiff suffered discrimination as a result of "other acts" besides termination and retaliation but does not specify what those acts are and no other acts of discrimination are apparent.

## DISCUSSION

A.   **Standard of Review**

*Pro se* litigants' submissions are construed liberally. See Triestman v. Federal Bureau of Prisons, 470 F.3d 471 (2d Cir. 2006). However, even if a plaintiff has paid the filing fee, a court may dismiss the case if it determines that the action is frivolous. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362 (2d Cir. 2000). An action is frivolous if it is "based on an indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law" or when "a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

B.   **Claims Against Sam Schwartz**

To state a claim for discrimination under Title VII, "the facts alleged in the complaint must provide at least minimal support for the proposition that the employer was motivated by discriminatory intent." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015) (internal quotation marks omitted). To state a claim for retaliation under Title VII, plaintiff "must plausibly allege that … defendants discriminated – or took an adverse employment action – against [plaintiff] because he has opposed any unlawful employment practice." Id. at 90 (internal quotation marks omitted). "[M]aking complaints to management" is protected under Title VII. Sumner v. U.S. Postal Service, 899 F.2d 203, 209 (2d Cir. 1990).

"New York courts require the same standard of proof for claims brought under the [NYS]HRL as those brought under Title VII." Tomka v. Seiler Corp., 66 F.3d 1295, 1304 n.4 (2d Cir. 1995). Courts thus "address … [NYS]HRL and Title VII claims simultaneously." Id.

To establish a *prima facie* case of age discrimination in violation of the ADEA, plaintiff must show: (1) that he was within the protected age group (more than 40 years old); (2) that he

3

was qualified for his position; (3) that he experienced an adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination. See Gorzynski v. Jet Blue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010) (citing Carlton v. Mystic Transp. Inc., 202 F.3d 129, 134 (2d Cir. 2000)).

None of plaintiff's allegations give rise to an inference of discrimination or discriminatory intent. Plaintiff was terminated after repeatedly calling in sick, coming to work late, leaving early, and talking while on the job. If plaintiff would prefer to work for an employer who is more tolerant of such conduct, he may seek out a more lenient employer. Plaintiff's remedy lies in the labor market, not in the courthouse.

Plaintiff protested against the purported discrimination by accusing McLaughlin of discrimination – we are not told on what basis – but his retaliation claim fails because plaintiff does not allege any facts showing that his employer retaliated against him as a result of his complaint. Vitale attempted to address plaintiff's accusation by setting up a conference call, although plaintiff does not explain what happened during or as a result of the call. Although plaintiff alleges that he was subsequently removed from a job site, he was removed three months after the conference call and only after a client complained about plaintiff talking on the job. Plaintiff's complaint to McLaughlin is not enough to state a retaliation claim, as "[a]n employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

Plaintiff's claims against Sam Schwartz are dismissed without prejudice. Although plaintiff has failed to state a claim against his employer, he will be given an opportunity to file an amended complaint against Sam Schwartz in light of his *pro se* status. He is advised that this

4

amended complaint will completely replace the original complaint and so he must set forth a short and plain statement of the facts as if there had been no prior complaint.

In the amended complaint, plaintiff must allege facts showing that his employer was motivated by discriminatory intent in terminating him, and he must allege facts showing that his employer discriminated against him or took an adverse employment action because of his complaint about discrimination. He must also explain on what basis his employer discriminated against him. If plaintiff would like to maintain his allegation of discrimination on the basis of race and color, he must identify his race and color in his amended complaint, and set forth facts that show it was his race, color, or age that motivated Sam Schwartz to fire him.

### C. Claims Against Individual Defendants

"Title VII does not create liability in individual supervisors and co-workers …." Littlejohn v. City of New York, 795 F.3d 297, 313 (2d Cir. 2015) (internal quotation mark omitted). Moreover, "an individual cannot be held liable under the ADEA." Layaou v. Xerox Corp., No. 99-9336, 2001 WL 1836173, at *1 (2d Cir. 2001). Therefore, plaintiff's Title VII and ADEA claims against defendants McLaughlin and Vitale are dismissed.

An individual may be liable under the NYSHRL. Feingold v. New York, 366 F.3d 138, 157 (2d Cir. 2004). But any claims under the NYSHRL against McLaughlin and Vitale are dismissed without prejudice for the same reasons they are dismissed without prejudice against Sam Schwartz. Plaintiff may file an amended complaint against McLaughlin and Vitale on the same terms as his amended complaint against Sam Schwartz.

### D. Claims Against the MTA of New York

Title VII, the ADEA, and the NYSHRL only protect employees from their employers. Salamon v. Our Lady of Victory Hosp., 514 F.3d 217 (2d Cir. 2008); Frankel v. Bally, Inc., 987

5

F.2d 86 (2d Cir. 1993). Plaintiff's claims against the MTA of New York are dismissed with prejudice because MTA of New York was a client of plaintiff's employer, rather than plaintiff's employer.

### E. Claims Against NYPD Headquarters

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396 (2009). That provision "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." Ximines v. George Wingate High Sch., 516 F.3d 156, 160 (2d Cir. 2008). See also Johnson v. New York Police Dept., No. 12-cv-5423, 2012 WL 5607505, at *3 (E.D.N.Y. Nov. 15,2012) (dismissing claims against the NYPD under Section 396 of the New York City Charter).

Therefore, any claims against NYPD Headquarters are dismissed with prejudice. To the extent plaintiff intended to sue the City of New York, his claims are dismissed with prejudice because he was not employed by the City of New York.

## CONCLUSION

The complaint is dismissed with leave to file an amended complaint no later than twenty days after the entry of this order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      January 22, 2019